## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

NORTH RIVER INSURANCE COMPANY,
a New Jersey corporation,

     Plaintiff,

v.                                No. CIV-01-231 WJ/DJS

AMERICAN HOME ASSURANCE COMPANY,
a New York corporation; NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, a\
New York corporation,

     Defendants.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER comes before the Court pursuant to Plaintiff North River Insurance

Company's Motion for Summary Judgment [Docket No. 61] and Defendants' Motion for Partial

Summary Judgment on the Issues of North River's Duty to Defend and Indemnify [Docket No.

58].

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 2, 1999, a single bus accident occurred near Santa Fe, New Mexico.  Two

persons were killed in the accident and several others were injured.  The passengers on the bus

were school children and chaperones participating in an after school ski program.  The ski

program was organized by a volunteer and involved children from the Santa Fe public schools

being transported to the Santa Fe Ski Area for ski lessons.  The program had been in operation

since approximately 1959.

The Santa Fe Ski Area is operated by the Santa Fe Ski Company (SFSC).  SFSC became the operator of the Ski Area in 1984 and began its participation in the after school ski program at that time.  The bus providing the transportation was owned and operated by Shuttlejack, Inc.  The volunteer who organized and coordinated the ski program was not an employee of the Santa Fe Public Schools, SFSC or Shuttlejack, Inc.  The driver of the bus was a Shuttlejack employee and not an employee of SFSC or the Santa Fe Public Schools.

Complaints were filed in New Mexico state court on behalf of several of the injured passengers as well as the estates of the two persons killed in the accident, and the cases were consolidated into one action styled In the Matter of the Shuttlejack Litigation No. D-0101-CV-990797.  One of the named defendants in this litigation was SFSC.  Plaintiffs in the state case alleged that SFSC was engaged in a joint venture or joint enterprise with Shuttlejack, Inc. in connection with the after school ski program and sought damages from SFSC for wrongful death, hedonic damages, loss of enjoyment of life, past and future medical expenses, loss of earning capacity, loss of consortium and punitive damages for bodily injuries arising from the bus accident.

At the time of the accident, North River Insurance Company was the automobile liability insurer for SFSC, American Home Assurance Company was the general liability insurer for SFSC and National Union Fire Insurance was the commercial liability umbrella insurer for SFSC.  North River argues that it had no notice of the state litigation until November 2000 when American Home and National Union made a demand on North River for participation in defense and indemnification and that SFSC did not request defense and indemnity until January 2001.  North River provided counsel for SFSC beginning in January 2001 under a strict reservation of rights.

American Home and National Union settled the state litigation on behalf of SFSC.  SFSC assigned to American Home and National Union all of its rights it may have against North River arising from the auto policy, the accident, and North River's conduct in connection with the Shuttlejack litigation.  Plaintiff North River filed this action seeking a declaratory judgment that it had no duty to defend or indemnify in the state court litigation.  Defendants American Home and National Union filed a counterclaim seeking a declaratory judgment that North River had a duty to defend and indemnify, alleging that North River breached its contractual obligations under the auto policy, seeking contribution and reimbursement for defense costs, and seeking subrogation and indemnity.  North River seeks summary judgment on the issues of its duty to defend and indemnify.  American Home and National Union seeks partial summary judgment on these same issues.

**LEGAL STANDARD**

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The burden of showing an absence of a genuine issue of material fact falls upon the moving party.  See Adler v Wal-Mart Store, Inc., 144 F.3d 664, 670 (10th Cir. 1998).  In ruling on a motion for summary judgment, a Court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.  Jeffries v. State of Kansas, 147 F.3d 1220, 1228 (10th Cir. 1998).  In making this determination, the Court must construe all the facts in the record and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party.  Worrell v. Henry, 219 F.3d 1197, 1204 (10th Cir. 2000); Jeffries, 147 F.3d at

1228. A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hardy v. S.F. Phosphates Ltd. Co., 185 F.3d 1076, 1079 (10th Cir. 1999). When the parties to an action file cross motions for summary judgment, a court is entitled to assume that no evidence needs to be considered other than that filed by the parties. Atlantic Richfield Co. v Farm Credit Bank of Wichita, 226 F.3d 1138 (10th Cir. 2000). Summary judgment is not appropriate if disputes remain as to material facts. Id.

**DISCUSSION**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. As a federal court sitting in diversity, this Court applies the substantive law of the state of New Mexico in construing the insurance contract at issue in this case. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 426-27 (1996); Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Under New Mexico law, an insurance company's duty to defend and duty to indemnify are separate and distinct. American Employers' Ins. Co. v. Continental Cas. Co., 512 P.2d 674 (1973).

**I.      NORTH RIVER'S DUTY TO DEFEND**

In determining an insurer's duty to defend, a court looks to the allegations of the injured third party's complaint and determines whether the complaint states facts that bring the case within the coverage of the policy at issue. Foundation Reserve Ins. Co. v. Mullenix, 642 P.2d 604 (1982). In addition to the bare allegations of the underlying complaint, all facts known to the insurer or of which the insurer should reasonably be aware based on the facts and circumstances available to it or that it should reasonably investigate should be considered in determining the

4

insurer's duty.  Martin v. West American Ins. Co., 993 P.2d 762, 766 (N.M. App. 1999).  An insurer's duty to defend arises upon its notification of the relevant facts indicating that a case is within the coverage of a policy.  American General Fire and Cas. Co. v. Progressive Cas. Co., 799 P.2d 1113, 1119 (1990).  If the allegations of the Complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required.  Bernalillo County Deputy Sheriffs Ass'n v. County of Bernalillo, 845 P.2d 789, 791 (1992); Martin, 993 P.2d at 766.  However, under New Mexico law, an insurer may only justifiably refuse to defend an insured when the allegations of the complaint clearly fall completely outside the insurance policy limits.  Servants of the Paraclete, Inc. v. Great American Ins. Co., 857 F.Supp. 822 (D.N.M. 1994).  When an insurer has a duty to defend and fails to do so, it is liable for the costs of defense incurred after a demand to defend is made.  American General Fire and Cas. Co., 799 P.2d at 1119.

North River asserts that it had no notice of the state litigation and received no demand for a defense or indemnification with regard to that litigation until November 2000.  These assertions, however, were made in North River's legal argument and were not included in its statement of undisputed material facts.  Defendants did not dispute this assertion, but it cannot be said to be an undisputed issue of fact.  If the allegations in the Complaint would give rise to a duty to defend, then the issue of whether and when North River had notice of the state lawsuit becomes material to its duty to defend.

In order to determine whether North River had a duty to defend, the Court will look to the facts alleged in the complaints filed in state court and the facts of which North River was aware or should have been aware at the time demand was made.  The Court is ill equipped to do the necessary analysis.  North River provided the Court with copies of two of the complaints filed in

state court, but North River acknowledges that numerous complaints were filed. Additionally, the Court has little before it with regard to the information given to North River in November 2000 or January 2001. However, North River did provide the Court with a copy of an automobile loss notice sent to North River and dated November 1, 2000. The loss notice indicated that an injured party had filed a lawsuit alleging that SFSC ignored its knowledge that the Shuttlejack busses were unsafe. While the information is scant, it is sufficient information upon which the Court can determine that neither party is entitled to summary judgment on the issue of North River's duty to defend.

Based on the evidence before the Court, the Court determines that, at least by November 2000, North River was aware that a lawsuit had been filed against its insured SFSC. North River was also aware that the lawsuit alleged that SFSC was liable for the death of someone injured in an accident involving a bus that was not owned by SFSC but was allegedly hired by SFSC. North River was aware or should have been aware that one of the state court complaints alleged that SFSC was engaged in a joint venture among Shuttlejack, SFSC, and other state court defendants. North River was also aware or should have been aware that one of the state court complaints alleged that SFSC actually contracted with or hired Shuttlejack to transport the participants in the after school ski program. The issue then becomes whether this information was sufficient to give rise to a duty to defend.

The insurance contract between North River and SFSC states that SFSC is covered for the sums SFSC must pay as damages because of bodily injury caused by an accident resulting from the ownership, maintenance or use of a covered auto. The policy describes the covered autos for purposes of liability coverage as the autos found at symbol 1 on the covered auto description

page.  Symbol 1 describes the covered autos as "any auto."  Parties hotly debate the meaning of "any auto" and point to three court decisions in various jurisdictions on the meaning.  At a minimum, however, the phrase "any auto" must include all the more limited descriptions found on the same page.  For instance, symbol 2 only includes autos owned by the insured.  "Any autos" must necessarily include the autos owned by the insured.  Symbol 3 includes only the private passenger autos actually owned by the insured.  "Any auto" must necessarily include these.  Symbol 8 includes only autos that are leased, hired, rented, or borrowed by the insured.  "Any auto" must necessarily include these.  Symbol 9 includes only autos that are not owned, leased, hired, rented, or borrowed by the insured that are used in connection with the insured's business while being used in the insured's business or personal affairs.  As North River acknowledges in its Reply brief, "Any auto" must necessarily include these autos.  Therefore, even if given its most narrow definition, "any auto" must include autos owned by the insured, autos leased, rented, hired or borrowed by the insured, or autos not owned, leased, hired, rented or borrowed by the insured but used in connection with the insured's business.

It is undisputed that the Shuttlejack bus was not owned, leased, rented or borrowed by SFSC.  However, at least one of the state court complaints alleged that the Shuttlejack bus was hired by SFSC.  This allegation, even if later found untrue, is sufficient to give rise to North River's duty to defend.  North River concedes in its Reply brief that its insurance contract with SFSC provided coverage for autos of third-party contractors using their vehicles in connection with SFSC's business.  Additionally, even if the bus was not owned, leased, hired, rented, or borrowed by SFSC, it would have been within the coverage of the policy if it was used in connection with SFSC's business.  Thus, the allegations that SFSC was engaged in a joint

enterprise with Shuttlejack in connection with the after school ski program was also sufficient to give rise to North River's duty to defend.  It cannot be said that these allegations clearly fall outside the provisions of the policy.  North River was possessed of sufficient information by at least November 2000 to give rise to a duty to defend its insured.  This, however, does not end the inquiry.

As noted above, there is a disputed issue of material fact with regard to whether North River had notice of the state lawsuit prior to November 2000.  North River also raises the issue whether it had a duty to defend its insured upon demand of American Home and National Union in November 2000.  North River's legal argument hints that its duty to defend did not arise until SFSC itself made a demand in January 2001.  My reading of New Mexico law gives me the impression that an insurer's duty to defend arises at the time it has notice of claims that are not clearly outside the policy coverage and that the source of the notice is immaterial.  However, this issue was not briefed by the parties, and the Court will not decide it at this time.

Because North River had sufficient information to give rise to a duty to defend, it is not entitled to summary judgment on the issue of its duty to defend.  Defendants are also not entitled to summary judgment on the issue of North River's duty to defend.  As noted above, there is an issue of fact with regard to when North River had notice of the state court litigation, and an issue of law not briefed by the parties with regard to whether an insurer's duty to defend arises only upon notice by an insured.  For these reasons, the Court will deny summary judgment to both parties on the issue of North River's duty to defend.

II.     NORTH RIVER'S DUTY TO INDEMNIFY

An insurance company has the duty to indemnify when an injury falls within the scope of

the insurance coverage.  North River argues that it has no duty to indemnify in this case because the injuries do not fall within the scope of the insurance coverage.[1]

The North River insurance policy with SFSC states, "We will pay all sums an insured legally must pay as damages because of bodily injury . . . caused by an accident and resulting from **the**[2] ownership, maintenance or use of a covered auto."  (emphasis added).  As noted earlier, a covered auto under this policy is "any auto" and includes an auto not owned, leased, hired, rented, or borrowed by SFSC that was used in connection with SFSC's business.  Thus, an injury caused by an accident resulting from the use of such an auto would be covered under the North River policy.  The injuries in the state court litigation were caused by an accident resulting from the use of the Shuttlejack bus.  The injuries are covered, then, if the Shuttlejack bus was used in connection with SFSC's business.

North River argues that the Shuttlejack was not used in connection with SFSC's business because the bus was not owned, maintained or used by SFSC.  Conversely, Defendants argue that the Shuttlejack bus was used in connection with SFSC's business, and that the policy does not limit coverage to vehicles that are owned, maintained or used by SFSC.  I find that the policy

---

[1]North River's memorandum in support of its motion for summary judgment states, "Plaintiff North River owes no duty to indemnify.  There was no judgment in this matter as the underlying case was settled in July of 2001."  Plaintiff's Memorandum in Support p. 9. Defendants have interpreted this as an argument by North River that an insured's settlement of claims relieves an insurer of its duty to indemnify.  North River offered no legal argument or authority to support an argument that settlement in lieu of judgment relieves an insurer of its duty to indemnify.  Because there was no argument or authority offered, the Court does not interpret North River's memorandum as making any such argument.

[2]This word is critical to the Court's finding that the coverage is not limited to a vehicle being used by the insured.  If the word here had been "your" or "the insured's," the Court would have reached a different result.

clearly does not limit coverage to vehicles that are owned, maintained or used by SFSC.  Such a limitation would conflict with the language defining a covered auto under Symbol 9.  Symbol 9 of the descriptions of covered autos gives examples of autos that are covered under that symbol. Autos owned by an insured's employees, partners, or members of their household's are covered autos while being used in connection with the insured's business.  Again, the contract between North River and SFSC specified that a covered auto for liability purposes was "any auto" under symbol 1, and North River concedes that this description is broader than the coverage under symbol 9.  However, I do not find that this yet answers the question whether the Shuttlejack bus was used in connection with SFSC's business.

In Continental Ins. Co. v. Ins. Co. of North America, the Court of Appeal of Louisiana found that an automobile liability policy covering "any auto" did not cover injuries caused by an accident resulting from the use of a private vehicle that was attempting to turn into the parking lot of the insured business.  608 So.2d 1108 (La. App. 1992).  In that case, the Court stated that it would defy common sense to find that the auto was a covered auto.

In Pacific Employer's Ins. Co. v. Domino's Pizza, Inc., the Ninth Circuit found that, under a policy with language identical to the language in the North River policy, "any auto" included an auto owned by an employee of the insured who was using the vehicle to drive home from work after a 31 hour shift.  144 F.2d 1270 (9th Cir. 1998).  Similarly, in Travelers Indem. Co. v. Swearinger, a Court of Appeal in California also interpreted the "any auto" language in a policy with language identical to that in the North River policy.  214 Cal. Rptr. 383 (Cal. App. 1985).  In that case, the auto insurance policy had been issue to a school district.  The insured school had sponsored a sports tournament in which visiting students participated.  The school

10

arranged for visiting students to stay with host families.  A visiting student was injured in an accident while riding in an auto owned by her host family and driven by a family member.  The court found that the auto was a covered auto and the injuries were covered under the policy.

I agree with the Louisiana court and believe it would defy common sense to find that any vehicle driving to the Santa Fe Ski Area to use the ski area was an auto being used in connection with SFSC's business such that it was a covered auto under North River's business auto insurance policy.  While I am not certain that I agree with the Ninth Circuit that an employee's car is a covered auto when being driven home from work, I agree with the general conclusion of the Ninth Circuit and the California state court that vehicles with a greater nexus to the insured than the car in the Louisiana case are covered under the "any auto" description.  Where, then, does the Shuttlejack bus fall within these parameters?

In the state court litigation, at least some of the plaintiffs alleged that SFSC and Shuttlejack were engaged in a joint venture or enterprise.  Whether or not there was such a joint venture or enterprise is an issue of fact that was not determined in state court and remains in dispute in this case.  If a fact finder determined that there was a joint venture or enterprise, this would be a sufficient nexus between SFSC and Shuttlejack such that SFSC had some legal responsibility for the use of the Shuttlejack bus, and the Shuttlejack bus would be a covered auto.  However, this presents an issue of fact that is not properly resolved at the summary judgment stage.  Therefore, I will deny both parties' motions for summary judgment on the issue of North River's duty to indemnify.

CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff North River Insurance Company's Motion

11

for Summary Judgment [Docket No. 61] in hereby DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Partial Summary Judgment on the Issues of North River's Duty to Defend and Indemnify [Docket No. 58] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE