## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

NORTH RIVER INSURANCE COMPANY,
a New Jersey corporation,

      Plaintiff,

v.                                                                          No. CIV-01-231 WJ/DJS

AMERICAN HOME ASSURANCE COMPANY,
a New York corporation; NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, a
New York corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS/COUNTERCLAIMANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM

THIS MATTER comes before the Court pursuant to Defendants/Counterclaimants'

Motion for Leave to File First Amended Counterclaims [Docket No. 56].  Having reviewed the

submissions of the parties, the applicable legal standards, and being otherwise fully advised, I find

that the motion is well taken and will be granted for the reasons stated below.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural history of this case were set out in detail in this Court's

Memorandum Opinion and Order filed November 22, 2002 [Docket No. 72].  In short, the

dispute in this case is among three insurance companies.  All three insurance companies in this

case had insurance agreements with the Santa Fe Ski Company (SFSC) at the time of a tragic bus

accident in Santa Fe, New Mexico on March 2, 1999.  SFSC was sued in state court in New

Mexico in connection with the accident, and a settlement was reached between SFSC and the Plaintiffs in that case.  Parties in this case seek a determination by this Court of the duties, if any, of Plaintiff North River Insurance Company to defend or indemnify SFSC with regard to the state court action.  Plaintiff North River filed this action seeking a declaratory judgment that it had no duty to defend or indemnify in the state court litigation.  Defendants American Home and National Union filed a counterclaim seeking a declaratory judgment that North River had a duty to defend and indemnify, alleging that North River breached its contractual obligations under the auto policy, seeking contribution and reimbursement for defense costs, and seeking subrogation and indemnity.

The Provisional Discovery Plan (PDP) filed February 5, 2002 [Docket No. 38] provided that the parties would be permitted to join parties or amend the pleadings until March 1, 2002. The Initial Pre-Trial Report (IPTR) filed June 14, 2002 [Docket No. 47] provided that discovery be completed by July 15, 2002 and dispositive motions be filed by September 30, 2002.  By order filed June 25, 2002 [Docket No. 52] the discovery deadline was extended to August 15, 2002, and by order filed August 14, 2002 [Docket No. 55] the discovery deadline was extended to August 16, 2002.  On July 24, 2002, prior to the discovery deadline, defendants took the deposition of Plaintiff's expert Donald Malecki.  The transcript for this deposition was received by defendants' counsel on August 7, 2002.  On August 20, 2002, prior to the deadline for dispositive motions and only four days after the deadline for discovery, defendants filed the instant motion to amend their counterclaim based on information obtained from Mr. Malecki during his deposition. The motion seeks to amend defendants' counterclaims to add a claim or claims for violation of the New Mexico Unfair Claims Practices Act at N.M. Stat. Ann. 1978 § 59A-16-30.

**DISCUSSION**

Requests for leave to amend pleadings should be liberally granted.  Fed. R. Civ. P. 15. Leave to amend pleadings may be denied when the amendment is untimely or when the amendment would be futile.  Bauchman v. West High School, 132 F.3d 542, 559 (10th Cir. 1997).  Plaintiff opposes defendants' motion to amend arguing that the motion to amend is untimely and that the amendment would be futile.

Defendants' motion to amend is not untimely.  Defendants assert that their request to amend is based on information not available to them until they received transcripts of Mr. Malecki's deposition on August 7, 2002.  I find that defendants did not unduly delay their request to amend their counterclaims and provided sufficient explanation to the Court for the timing of the request.

Plaintiff also argues that the Court should deny the motion to amend because the amendment would be futile.  A proposed amendment is futile if the counterclaim, as amended, would not survive a motion to dismiss or motion for summary judgment.  Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Serv., Inc., 175 F.3d 848, 859 (10th Cir. 1999).  I cannot say that, as a matter of law, the proposed amendment would be subject to dismissal.  Therefore, the amendment is not futile.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants/Counterclaimants' Motion for Leave to File First Amended Counterclaims [Docket No. 56] is hereby GRANTED.

IT IS FURTHER ORDERED that parties appear in the chambers of the Honorable Donald J. Svet, United States Magistrate Judge on February 5, 2003 at 1:30 p.m. to discuss any

3

need for additional discovery or pre-trial motions.  Any request for additional discovery or time to file dispositive motions must be supported by good cause.

_____

UNITED STATES DISTRICT JUDGE